

FILED

MAR 9 2011

VERMONT
SUPERIOR COURT
ENVIRONMENTAL DIVISION

**Vermont Superior Court**
**Environmental Division**

==================================================================
**ENTRY REGARDING MOTION**
==================================================================

**In re Musty Zoning Permit**                    **Docket No. 174-10-10 Vtec**

Project: Construction of single family dwelling on previously-subdivided lot.
Applicant: Sherrill Musty
      (Appeal from DRB denial of appeal from Zoning Administrator's permit determination)

Title: Revised Statement of Questions and Reconsideration Requests (Filing No. 6)

Filed: March 9, 2011

Filed By: Appellant Frederick P. Tiballi

Response: None

\_\_\_ Granted            \_\_\_ Denied            _X_ Other

       By its Entry Orders issued on February 24, 2011, this Court either dismissed or entered summary judgment against Applicant Frederick P. Tiballi ("Appellant") on Questions 1, 3, 5(g), 6–15, 18–20, 27–32, 34–42, and 47 from Appellant's Statement of Questions. During the subsequent pre-trial conference, held on February 28, 2011, the Court requested that Appellant file a revised Statement of Questions; the explained purpose was to summarize the Questions remaining for review at trial, now scheduled for March 15 and 16, 2011 at the Costello Courthouse in Burlington.

       In response, Appellant, on March 4, 2011, filed a document entitled as follows:

APPELLANTS' [sic] REMAINING STATEMENT OF QUSTIONS
RESTATED AND CLARIFIED
**AND**
Motion For Reconsideration as to Dismissal of Statement of Question 5(g)
Renewed Motion in re Summary Judgment — Statement of Questions Remaining.
Associated Memorandum, Legal Analysis in Support ( Demonstrative Exhibit B)

*(Capitalization, highlight, punctuation, and formatting in the original).*

       In the first paragraph of this filing, Appellant gives notice of his new desire to withdraw his Questions 16(a) and 16(b). We therefore **DISMISS** those Questions from our planned consideration at trial.

       Appellant uses the rest of the next ten pages of his twenty-one-page filing to provide explanation for his former Question 5(g), subparts (i) through (xviii), and why the Court should reconsider and reverse its prior dismissal of that Question and its subparts. The Court strained to follow the arguments expressed in this first part of Appellant's filing, and in the remainder of the filing. Appellant only begins to address the first Question remaining for consideration at trial—Appellant's Question 2—at the bottom of page 10 of his recent filing.

       The reminder of Appellant's filing, addressing Questions 2, 4, 5, 16(a) (now dismissed), 17, 21, 22(A)–(P), 23–26,[1] and 43–46, is confusing and difficult to follow for two reasons. First, it is

---

[1] Applicant's recent filing does not address the duplicate Questions 23–26 contained in his original Statement of Questions. See In re Musty Zoning Permit, No. 174-10-10 Vtec, slip op. at 2 n.2 (Vt. Super. Ct. Feb. 2, 2011) (Durkin, J.).

presented in a tracked changes format, although the replaced and added text seem identical. Second, his Questions are accompanied by legal argument. Such legal argument can be helpful, but is more often provided in a separate legal memoranda or trial brief. A statement of questions merely serves as notice of the legal issues that an appellant preserves for review on appeal; it does not need to contain legal argument and an opposing party is neither obligated nor allowed to file a responsive pleading. V.R.E.C.P. 5(h).

We find Appellant's filing wholly unresponsive to the Court's request that he file a revised Statement of Questions. We therefore **STRIKE** Appellant's filing from the Court docket and direct that Appellant file a corrected Revised Statement of Questions, no later than **Noon on Monday, March 14, 2011**. Due to the shortness of time between now and the scheduled trial, Appellant may make his filing by facsimile or other electronic transmission; service upon all parties of record shall be accomplished in the same manner.

Appellant's corrected Revised Statement of Questions shall not include any legal arguments, either in support of the remaining Questions or in support of the Questions that the Court previously dismissed, and shall not be in a tracked changes format.

The Court has also reviewed the arguments Appellant offers for reconsideration of its prior dismissal and summary judgment Orders. Appellant offers no new arguments in support of his reconsideration request, but has merely restated his prior arguments and expressed his respectful disagreement with the Court's prior conclusions. Reconsideration is not afforded in such instances. See V.R.C.P. 59(e); Appeal of Berezniak, No. 171-9-03 Vtec, slip op. at 3 (Vt. Envtl. Ct. Apr. 6, 2007) (Wright, J.).


_____                    ___March 9, 2011___
         Thomas S. Durkin, Judge                                    Date
=================================================================================
Date copies sent to: ___3-9-11___                      Clerk's Initials _____
Copies sent to:
    Appellant Frederick P. Tiballi
    Kimberlee J. Sturtevant, Attorney for the City of Burlington
    Liam L. Murphy, Attorney for Appellee/Applicant Sherrill N. Musty
    Interested Person Lynne Tiballi          Interested Person Sue Ellen Strang
    Interested Person Phyllis P. Rose        Interested Person Alexander H. Rose
    Interested Person Colin Trevorrow        Interested Person Isabelle Trevorrow
    Interested Person Lewis R. First         Interested Person Sandra L. First
    Interested Person Rachel First           Interested Person Daniel L. Lustgarden
    Interested Person Charles Bookwalter     Interested Person Carol S. Bookwalter
    Interested Person Jurij Homziak          Interested Person Callie Fortin
    Interested Person Mary Trexler           Interested Person Ann Vivian
    Interested Person Robert G. Openheimer   Interested Person Wendy D. Oppenheimer
    Interested Person Eugene P. Cenci        Interested Person Ann K. Cenci Family Trust
    Interested Person Rita Carlile           Interested Person Paul Carlile